**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Lynne F. Riley, Chapter 7 Trustee | **DEFENDANTS**<br>Mary Noyes |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>David Koha, Casner & Edwards, LLP<br>303 Congress St, Boston, MA 02210<br>Tel: 617-426-5900 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor        ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor      ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**Recovery of fraudulent transfers under 11 U.S.C. s. 544 and 548; recovery of preferences under 11 U.S.C. s. 547**

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☒ **2** 12-Recovery of money/property - §547 preference
☒ **1** 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ **117,200** |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| NAME OF DEBTOR<br>**Marketplace Investors, Inc.** | BANKRUPTCY CASE NO.<br>**17-11479** |||
| DISTRICT IN WHICH CASE IS PENDING<br>**Massachusetts** | DIVISION OFFICE<br>**Eastern** || NAME OF JUDGE<br>**Frank J. Bailey** |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>**/s/ David Koha** ||||
| DATE<br>**June 1, 2018** | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>**David Koha** |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br>Marketplace Investors, Inc.<br>　　　　Debtor | Chapter 7<br>Case No. 17-11479 |
| Lynne F. Riley, Chapter 7 Trustee,<br>　　　　Plaintiff<br>v.<br>Mary Noyes<br>　　　　Defendant | Adversary Proceeding<br>No. |

## COMPLAINT

Lynne F. Riley, Chapter 7 Trustee in the above referenced bankruptcy case, submits this Complaint against Mary Noyes. In support of this Complaint, the Trustee states as follows:

### Parties

1. Lynne F. Riley is the duly appointed Chapter 7 Trustee of the Debtor's estate ("Plaintiff" or "Trustee"), and has a business address of 303 Congress Street, Boston, Suffolk County, Massachusetts, 02210.

2. The Defendant, Mary Noyes ("Defendant") is an individual with an address of 9 Prospect Street, Marblehead, Massachusetts 01945.

### Jurisdiction, Venue and Standing

3. This Court has jurisdiction over this adversary proceeding as a matter arising under Title 11 pursuant to 28 U.S.C. § 157 and § 1334. This is a core proceeding

1

pursuant to 28 U.S.C. §157 (b)(2)(A), (F), (H) and (O).

4. Venue of this adversary proceeding is appropriate pursuant to 28 U.S.C. § 1409.

5. The Trustee has the power and standing to bring this action pursuant to 11 U.S.C. §§ 541, 544, 547, 548 and 550.

**Facts**

6. The Debtor filed its petition for relief under Chapter 7 of the Bankruptcy Code on April 25, 2017 ("Petition Date").

7. The Defendant was the Debtor's Comptroller. Upon information and belief, she exercised control over the Debtor's bank accounts.

8. The Defendant advanced funds to the Debtor on several occasions between June 29, 2015 and December 27, 2016 ("Advances"). The Advances were made for the purpose of assisting the Debtor and keeping its business afloat, at a time when the Defendant was contemplating purchasing the Debtor or its assets.

9. The Advances were not documented by promissory notes.

10. During the four year period prior to the Petition Date, the Debtor made payments totaling $117,200 to the Defendant, as detailed on the attached **Exhibit A** ("Transfers").

11. The Debtor disclosed a payment of $30,000 to the Defendant in 2016 as a payment made to an insider within one year of the bankruptcy filing, describing the payment as "repayment of a personal loan to Debtor" on its Statement of Financial Affairs.

12. Upon information and belief, the Debtor was insolvent at the time of the Transfers. The Debtor's bankruptcy petition discloses debts that significantly

exceed the Debtor's assets. Excluding apparent duplication, the disclosed debts total $572,704, including a $401,154 secured obligation to Citizens Bank which was incurred, upon information and belief, in 2007. According to the Debtor's summary of schedules, the Debtor's assets as of the Petition Date had a total value of $70,000.

13. Upon information and belief, at the time of the Transfers the Debtor was not paying its debts as they came due.

## COUNT I

### Fraudulent Transfer

### 11 U.S.C. § 544 and 548

14. Plaintiff incorporates ¶¶ 1 through 13 as though fully set forth herein.

15. The Advances are properly characterized as equity, not debt.

16. The Transfers were made with actual intent to hinder, delay, or defraud one or more creditors to which the Debtor was or became, on or after the dates of the Transfers, indebted.

17. Specifically, but without limitation, the Debtor made the Transfers knowing that:
    a. It had no obligation to make them;
    b. It received no consideration for them;
    c. The Transfers were made solely for the benefit of Defendant, who was in control of the Debtor's account and was contemplating purchasing the Debtor's assets;
    d. The Transfers caused or exacerbated the Debtor's insolvency.

18. Additionally, the Debtor received less than reasonably equivalent value in

exchange for the Transfers, and the Debtor

    a. Was insolvent on the date of the Transfers, or became insolvent as a result of the Transfers;

    b. Was engaged or was about to engage in a business or transaction for which the remaining assets of the Debtor were unreasonably small in relation to the business or transaction; or

    c. Intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due;

19. The Plaintiff is entitled to recover the value of the Transfers from the Defendant as the initial transferee of the Transfers.

## COUNT II

### Preference

**[11 U.S.C. §§ 547, 550, and 551]**

20. Plaintiff incorporates ¶¶ 1 through 19 as though fully set forth herein.

21. The Transfers included transfers totaling $96,200 which were made during the one year prior to the Petition Date.

22. The Defendant was an insider of the Debtor.

23. If the Transfers during the one year prior to the Petition Date represented payments of amounts due from the Debtor to the Defendant, then such payments:

    a. were made to or for the benefit of a creditor of the Debtor;

    b. were made for or on account of an antecedent debt owed by the Debtor before such transfer was made;

    c. were made while the Debtor was insolvent;

    d. were made within one year prior to the Debtor's bankruptcy filing;

    e. enabled the Defendant to receive more than it would have received if such Transfers had not been made, and Defendant had received payment on her debt to the extent provided by the provisions of the Bankruptcy Code.

24. The Plaintiff is entitled to recover the value of the Transfers made during the one year prior to the Petition Date from the Defendant.

**WHEREFORE**, the Trustee respectfully requests that the Court:

1. With respect to Count I, enter judgment against the Defendant in an amount not less than $117,200;

2. With respect to Count II, enter judgment against the Defendant in an amount not less than $96,200; and

3. Grant such further and other relief as is just.

        Lynne F. Riley, Chapter 7 Trustee,
        by her attorneys,

        /s/ David Koha
        Lynne F. Riley, BBO #561965
        David Koha, BBO #679689
        Casner & Edwards, LLP
        303 Congress Street
        Boston, MA 02210
        (tel) 617-426-5900
        (fax) 617-426-8810

Dated: June 1, 2018

**Exhibit A**

| Date | Transfer |
|---|---|
| 1/15/2016 | $ 21,000.00 |
| 6/28/2016 | $ 1,600.00 |
| 7/1/2016 | $ 3,600.00 |
| 9/21/2016 | $ 10,000.00 |
| 9/28/2016 | $ 30,000.00 |
| 11/30/2016 | $ 1,000.00 |
| 11/30/2016 | $ 5,000.00 |
| 12/8/2016 | $ 5,000.00 |
| 1/24/2017 | $ 40,000.00 |
| **TOTAL:** | **$ 117,200.00** |